# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.

BRAD CALVERT,

    Plaintiff,

v.

ROYAL CUP, INC.,

    Defendants.

_____/

## COMPLAINT

Plaintiff, BRAD CALVERT, (herein referred to as "Plaintiff" or "CALVERT"), by and through his undersigned attorney, hereby files this Complaint against ROYAL CUP, INC., (hereinafter, "Defendant" or "ROYAL CUP"), and says:

## JURISDICTION AND VENUE

1. This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

**PARTIES**

5. Plaintiff CALVERT is a resident of the Southern District of Florida. During all times relevant to this Complaint, Plaintiff CALVERT was employed by Defendant as a Territory Manager. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant is a foreign corporation organized and existing in Delaware with its principal place of business in Alabama and authorized to do business in Florida. Defendant operates several offices nationwide. Specifically, Plaintiff worked in Florida and all the actions complained of herein took place within the Southern District of Florida.

7. Defendant ROYAL CUP is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, ROYAL CUP is a company that imports and distributes coffees and teas using goods transported across interstate lines. Plaintiff regularly delivered products to customers, attended service calls of equipment, as well as made orders to vendors occasionally when needed. These orders were made using phones and/or the internet.

9. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Defendant ROYAL CUP, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendant ROYAL CUP was the "employer" of Plaintiff as that term is defined under 29 U.S.C. § 203(d).

**GENERAL ALLEGATIONS**

12. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

13. Though CALVERT was titled as a Territory Manager, he did not have any managerial duties. At least 80% of Plaintiff's day to day work in a given week involved delivery of products rather than giving directives to employees. Further, Plaintiff did not have any direct reports, hiring or firing authority, did not set other employee's pay, nor did he discipline employees.

14. Plaintiff's position was an entry level position where Plaintiff was a route delivery driver and was responsible for servicing an existing customer base. CALVERT did not have independent decision making authority.

15. The only function Plaintiff did, on occasion, which was different than that of the other employees, was that he occasionally made cold calls to sell new accounts. However, this was not his main duty as the vast majority of his time was spent making deliveries and servicing existing clients.

16. Throughout his employment, CALVERT was misclassified as an exempt employee of Defendant and was not paid for his overtime.

17. CALVERT began working for Defendant in April 2012. Plaintiff was terminated on January 27, 2017.

18. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

19. Based on the information currently available to Plaintiff, CALVERT was paid $30,000/year plus commissions. He was paid every two weeks.

20. CALVERT regularly worked between 45-50 hours per week. He was normally scheduled five (5) days per week.

21. Further, on February 2, 2017, Defendant notified CALVERT that they deducted $526.50 for an inventory shortage from his last paycheck.

22. Defendant and its representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

23. Defendant maintained complete control over the hours Plaintiff worked and the pay he was to receive.

24. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

25. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

**COUNT I – VIOLATION OF FLSA / OVERTIME**

26. Plaintiff re-alleges and re-avers paragraphs 1–25 as fully set forth herein.

27. Since the commencement of Plaintiff's employment, Defendant has willfully violated the provisions of § 7 of the Act [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than forty (40) hours without compensating him for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

28. Specifically, CALVERT worked approximately 45-50 hours during each work week in which he was employed, but his pay was only to compensate him for forty (40) hours a week of regular work.

29. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was not a bona fide executive, administrative, professional employee, nor primarily participating in outside sales. Plaintiff performed manual labor tasks, did not have decision-making authority, and his primary duty was not making sales but rather make deliveries to existing customers.

30. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

31. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

32. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

33. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff BRAD CALVERT demands judgment for:

a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated damages;

d) A jury trial on all issues so triable;

e) Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

## COUNT II – UNPAID WAGES

34. Plaintiff re-alleges and re-avers paragraphs 1–25 as fully set forth herein.

35. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

36. Defendants improperly deducted Plaintiff's wages from Plaintiff's last paycheck ($526.50) to reimburse Defendant for inventory shortage.

37. This deduction was taken out by Defendant without written consent from Plaintiff.

38. Further, the deduction was made from the wages already earned by Plaintiff.

39. Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff BRAD CALVERT demands judgment for:

a) Wages, salary, lost benefits, and any other compensation deducted from Plaintiff's pay;

b) Interest on the amount found due;

c) A jury trial on all issues so triable;

d) Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action under Florida Statutes § 448.08; and

e) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff BRAD CALVERT demands trial by jury for all issues contained herein so triable by law.

Dated: April 6, 2017.

        **LAW OFFICES OF CHARLES EISS, P.L.**
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 308
        Plantation, Florida 33324
        (954) 914-7890 (Telephone)
        (855) 423-5298 (Facsimile)

By: **/s/ Charles Eiss**
    CHARLES M. EISS, Esq.
    Fla. Bar #612073
    ceiss@icelawfirm.com
    LINDSAY M. MASSILLON, Esq.
    Fla. Bar #92098
    lmassillon@icelawfirm.com